NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1367

RANDALL MAY INTERNATIONAL, INC.,

Plaintiff/Counterclaim Defendant-Appellee,

and

RANDALL MAY,

Counterclaim Defendant-Appellee,

v.

DEG MUSIC PRODUCTS, INC.,

Defendant/Counterclaimant-Appellant,

and

DYNASTY USA,

Defendant.

Appeal from the United States District Court for the Central District of California in case no. 05-CV-0894, Judge Terry J. Hatter, Jr.

ON MOTION

Before MAYER, CLEVENGER, and RADER, Circuit Judges.

MAYER, Circuit Judge.

## O R D E R

DEG Music Products, Inc. submits a motion, which we treat as a petition for a writ of mandamus within the context of this appeal, to stay a trial on damages in the United States District Court for the Central District of California pending disposition of this appeal. Randall May International, Inc. opposes. DEG Music replies.

DEG Music filed this appeal seeking review of the district court's determination that it infringes Randall May's patent related to a drum carrier. The district court stated that it entered a judgment that was final except for an accounting.* The district court also entered an injunction and ordered a recall of products from dealers and distributors. It ordered that the injunction, the recall order, and any trial on damages would be stayed if DEG Music posted a $500,000 bond.

In its motion, DEG Music does not seek to stay the injunction or recall order. Instead, DEG Music focuses solely on the district court's determination not to stay the trial on damages. In another case, In re Calmar, 854 F.2d 461,464 (Fed. Cir. 1988), we considered a mandamus petition that involved, inter alia, whether a district court should stay a damages trial pending the disposition of an appeal of a judgment that was final except for an accounting. We stated:

> Hence, it is clear that the purpose of the legislation, [28 U.S.C.] § 1292(c)(2), allowing interlocutory appeals in patent cases, was to *permit* a stay of a damages trial. Thus there is no conflict between § 1292(c)(2) and [Fed. R. Civ. P.] 62(a)'s grant of the discretion to stay or proceed with the damages trial during appeal. Indeed, in recognition of the district court's discretion, this court has repeatedly denied, in unpublished opinions, motions to stay damages trials during appeals in patent cases. [Emphasis in original.]

Calmar, 854 F.2d at 464. Cf. In re Princo Corp., 478 F.3d 1345, 1357 (Fed. Cir. 2007) (granting petition for writ of mandamus to stay district court proceedings when a statute, 28 U.S.C. § 1659, required a stay of district court proceedings due to related proceedings before the International Trade Commission).

---

*       It appears that there is a pending claim related to damages for breach of contract. Thus, despite the district court's statement that the case is final except for an accounting, it might not be final except for an accounting of patent damages if other types of damages remain to be decided. In any event, because the district court's order is appealable as an order granting injunctive relief pursuant to 28 U.S.C. §1292(a)(1) and (c)(1), we need not decide whether we would also have jurisdiction under § 1292(c)(2).

Generally, the power of a trial court to stay its own proceedings is a matter of discretion, "incidental in the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936).

The filing of the bond was required by the district court to obtain a stay of the injunction, the recall order and any trial on damages. Requiring a bond to obtain a stay of an injunction or recall order is not unusual. Although the additional tying of the bond to any stay of a trial on damages does not appear to be routine, the district court could have, within its discretion, determined not to stay the trial on damages without mentioning the bond. In any event, because DEG Music has not shown clear entitlement to the relief sought, i.e., it has not shown a clear abuse of discretion, we deny its request.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

JUL 3 0 2009
_____
Date

/s/ Jan Horbaly_____
Jan Horbaly
Clerk

cc:   Dennis G. Martin, Esq.
      Peter R. Afrasiabi, Esq.
s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 3 0 2009

JAN HORBALY
CLERK

2009-1367                                   - 3 -